| | | |
|---|---|---|
| **LEON MCKEE and HELEN MCKEE** | § | NUMBER: 623,141- |
| **VERSUS** | § | 1ST JUDICIAL DISTRICT COURT |
| **CENTAURI SPECIALTY INSURANCE COMPANY** | § | CADDO PARISH, LOUISIANA |
| **PERMANENT ASSIGNMENT** | § | SECTION: B |

## PETITION FOR DAMAGES

The petition of LEON MCKEE and HELEN MCKEE, residents of and domiciled in Shreveport, Caddo Parish, Louisiana, with respect represent:

1.

The Defendant enumerated below is justly and truly indebted to Plaintiffs, LEON MCKEE and HELEN MCKEE, for a reasonable sum in dollars together with legal interest from date of judicial demand until paid and for all costs of these proceedings:

   A. CENTAURI SPECIALTY INSURANCE COMPANY, a foreign insurance company authorized to do and actually doing business in the State of Louisiana, who may be served through its registered agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

2.

For the reasons set forth herein, CENTAURI SPECIALTY INSURANCE COMPANY has breached its contract with LEON MCKEE and HELEN MCKEE and further has acted arbitrarily, capriciously, and without probable cause in the adjusting of claims submitted by Plaintiffs for damages sustained to their private residence.

3.

CENTAURI SPECIALTY INSURANCE COMPANY is the homeowner's insurer of property located at 2910 Curtis Lane, Shreveport, Caddo Parish, Louisiana 71109, a private residence owned and occupied by Plaintiffs, LEON MCKEE and HELEN MCKEE.

4.

CENTAURI SPECIALTY INSURANCE COMPANY issued a policy of insurance to LEON MCKEE and HELEN MCKEE, providing insurance coverage for damages to 2910 Curtis Lane, which said policy was in full force and effect at all times pertinent hereto, with a policy number of CHP011914. All lawful terms of the insurance policy are pleaded and incorporated

7989

PGS 5  EXH 1  MIN ✓
CC ___ CP ___ MAIL ___ N/J ___
INDEX 2  REC 1  FAX ___
W/D DOC ___  CERT MAIL ___
SERVICE ___

$300.00 FILED
MAR 2 0 2020
Eric Brumley
CADDO DEPUTY CLERK OF COURT

by reference.

5.

On April 6, 2018, a hail, wind, and rain storm occurred at Plaintiffs' residence. The storm damaged the exterior and roof of Plaintiffs' home, the exterior and roof of Plaintiffs' storage building/garage, and the interior of Plaintiffs' home.

6.

Following the April 6, 2018, hail, wind, and rain storm, Plaintiffs found damage to the interior of their home and promptly reported the loss to Defendant, CENTAURI SPECIALTY INSURANCE COMPANY.

7.

Defendant, CENTAURI SPECIALTY INSURANCE COMPANY, subsequently inspected Plaintiffs' property and found damage to the slate roof of Plaintiffs' home on October 26, 2018. On December 21, 2018, Defendant refused to pay the claim because the amount of the exterior damages was allegedly less than Plaintiffs' deductible of $1,000.00.

8.

On January 8, 2019, Defendant, CENTAURI SPECIALTY INSURANCE COMPANY, denied Plaintiffs' interior damage claim, alleging the interior damage was caused by moisture intrusion through a pre-existing, non-storm related opening in the slate tile roofing and not due to the storm.

9.

On January 31, 2019, Defendant, CENTAURI SPECIALTY INSURANCE COMPANY, acknowledged the replacement cost value of Plaintiffs' interior damage to be $13,380.36 and issued a payment, less Plaintiffs' deductible of $1,000.00.

10.

Louisiana Public Adjuster, Colt Friday, also inspected the premises on December 27, 2018, January 2, 2019, and February 13, 2019. Colt Friday found that the April 6, 2018, storm caused damage to the exterior and roof of Plaintiffs' home, the exterior and roof of Plaintiffs' storage building/garage, and interior of Plaintiffs' home.

11.

Colt Friday prepared an estimate of the damage and a full damage report and sent it to Defendant, CENTAURI SPECIALTY INSURANCE COMPANY, on February 20, 2019.

12.

Foster Somerled Construction Group inspected Plaintiffs' property, found damage to the exterior and interior of Plaintiffs' property, and prepared an estimate of the damage caused by the April 6, 2018, storm.

13.

Foster Somerled Construction Group's estimate was sent to Defendant, CENTAURI SPECIALTY INSURANCE COMPANY, on July 16, 2019.

14.

Professional Engineer, Neil Hall, inspected Plaintiffs' property, found damage, and issued a report regarding the damage on February 1, 2020.

15.

Neil Hall's report was sent to Defendant, CENTAURI SPECIALTY INSURANCE COMPANY, on February 19, 2020.

16.

The damage sustained to Plaintiffs' property is covered under the terms of the insurance policy issued by Defendant, CENTAURI SPECIALTY INSURANCE COMPANY.

17.

Defendant, CENTAURI SPECIALTY INSURANCE COMPANY, has ignored the estimates, the damage reports, and their obligations to their insured.

18.

Defendant, CENTAURI SPECIALTY INSURANCE COMPANY, did not issue any payment for any of the exterior damage to Plaintiffs' property. Defendant, CENTAURI SPECIALTY INSURANCE COMPANY, has not issued the full amount of the interior damages.

19.

Defendant failed to perform under the policy of insurance by:

A. Not thoroughly investigating the claim;

3

B. Not paying the claim despite obvious damages;

C. Not tendering the proceeds due under the policy in a timely fashion; and

D. Not acting reasonably under the circumstances.

20.

Defendant breached the duties of good faith and fair dealing set forth in La. R.S. 22:1892 and 22:1973 by:

A. Failing to pay the amount of a claim due to Plaintiffs within 30 days after receiving satisfactory proof of loss;

B. Failing to make a written offer to settle Plaintiffs' property damage claim within 30 days after receiving satisfactory proof of loss;

C. Breaching its affirmative duty to adjust the claim fairly and promptly;

D. Misrepresenting to Plaintiffs that the cost to repair the damage to the exterior of Plaintiffs' property was less than their deductible;

E. Breaching its affirmative duty to make a reasonable effort to settle Plaintiffs' claim;

F. Arbitrarily, capriciously, and without probable cause failing to pay the amount of the claim due within 30 days after receiving satisfactory proof of the loss; and

G. Arbitrarily, capriciously, and without probable cause failing to pay the amount of the claim due within 60 days after receiving satisfactory proof of the loss.

WHEREFORE, PLAINTIFF PRAYS:

1. That there be judgment herein in favor of Plaintiffs, LEON MCKEE and HELEN MCKEE, and against Defendant, CENTAURI SPECIALTY INSURANCE COMPANY, together with all legal interest from date of judicial demand until paid, and all costs of these proceedings.

2. Pursuant to La. R.S. 22:1892 and La. R.S. 22:1973, that penalties, attorney fees, and costs be assessed against Defendant, CENTAURI SPECIALTY INSURANCE COMPANY, and in favor of Plaintiffs.

3. That any expert witness fees be fixed and taxed as costs.

4

4. For all general and equitable relief.

Respectfully submitted:

**THE SARTIN LAW FIRM, L.L.C.**

By: _____
J. Cole Sartin
La. Bar No. 34971
223 Fannin Street
Shreveport, Louisiana 71101
Tel: (318) 553-5577
Fax: (318) 562-1224
Email: cole@colesartinlaw.com

**ATTORNEY FOR PLAINTIFFS**

**PLEASE HOLD SERVICE**

5

# THE SARTIN LAW FIRM, L.L.C.

223 Fannin Street
Shreveport, Louisiana 71101

J. Cole Sartin*
* Also licensed in Texas

Phone: (318) 553-5577
Fax: (318) 562-1224
Email: cole@colesartinlaw.com

March 19, 2020

Honorable Mike Spence
Caddo Parish Clerk of Court
Civil Filing
501 Texas Street, Room 103
Shreveport, LA 71101

    RE:    *Leon McKee and Helen McKee v. Centauri Specialty Insurance Company*;
              1st JDC; Caddo Parish, Louisiana

Dear Mr. Spence:

Enclosed please find the following:

1. Original and one (1) Petition for Damages; and

2. Our check for filing fees.

Please do the following:

1. File the original into the record; and

2. Return a filed stamped copy to our office in the self-addressed return envelope enclosed.

Thank you for your time and assistance with this matter. Should you have any questions, please do not hesitate to contact me.

Very truly yours,

J. Cole Sartin

JCS/tn
Enclosure
cc: Leon & Helen McKee (via email)